**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

JOSEPH SANDERS, individually and on
behalf all others similarly situated,

                Plaintiff,

      v.

4E BRANDS NORTH AMERICA LLC,

             Defendant.

Civil Action No. _____

**CLASS ACTION COMPLAINT
AND JURY DEMAND**

Plaintiff  Joseph Sanders brings this action against 4e Brands North America LLC

("Defendant" or "4E Brands"), by and through his attorneys, individually and on behalf of all

others similarly situated, and alleges with personal knowledge as to his own actions, and upon

information and belief as to those of others, as follows:

## NATURE OF THE CASE

1.      This action seeks to redress 4E Brands' deceptive and dangerous practice of

selling hand sanitizers containing methanol, despite prominently representing on the product

labels that the active ingredient is ethyl alcohol.  Ethyl alcohol can be a safe and effective hand

sanitizer.  Methanol, or wood alcohol, is a substance that is toxic when absorbed through the

skin.  Consumers who use hand sanitizer with methanol may be subject to nausea, vomiting,

headache, blurred vision, permanent blindness, seizures, coma, permanent damage to the nervous

system, or death.

2.      Because methanol is toxic and dangerous, there is no dispute that hand sanitizer

should never include methanol.  No consumer would ever purchase hand sanitizer knowing that

it contains methanol, and no responsible company would ever sell hand sanitizer containing methanol. Not surprisingly, there are a variety of ways in which companies that sell hand sanitizer can ensure that they are not selling products with methanol. Indeed, a well-equipped school science lab could test for the presence of methanol in hand sanitizer. Accordingly, 4E Brands must have known that its hand sanitizers contained methanol, and yet it sold them anyway. Not coincidentally, methanol is much cheaper than ethyl alcohol.

3.     This suit is brought on behalf of a class of consumers who purchased the following 4E Brands hand sanitizers: Blumen Advanced Clear Hand Sanitizer, Blumen Aloe Advanced Hand Sanitizer, Blumen Advanced Hand Sanitizer, Blumen Advanced Hand Sanitizer, Blumen Advanced Clear Hand Sanitizer, Blumen Advanced Hand Sanitizer, Blumen Advanced Clear Hand Sanitizer, Blumen Advanced Clear Hand Sanitizer, Blumen Clear Hand Sanitizer, Blumen Clear Tea Tree Hand Sanitizer, Blumen Advanced Hand Sanitizer, Assured Aloe Hand Sanitizer, Assured Clear Hand Sanitizer, Assured Aloe Hand Sanitizer, and Assured Clear Hand Sanitizer (the "4E Brands Hand Sanitizers"). Plaintiff seeks on behalf of the class, *inter alia*, injunctive relief, actual damages and refunds, treble damages, punitive damages, attorneys' fees, and the costs of this suit.

## **PARTIES**

4.     Plaintiff Joseph Sanders is a citizen of New Jersey residing in Montclair, New Jersey. Mr. Sanders purchased two one liter bottles of 4E Brands Hand Sanitizers in April, 2020. Shortly after he started using it Plaintiff began having visions issues, headaches and dizziness – symptoms which Plaintiff now knows are caused by methanol toxicity.

5.    Defendant 4E Brands North America LLC is a Texas corporation headquartered in San Antonio, Texas.   4E Brands sells hand sanitizers throughout the United States, including in New Jersey.

## JURISDICTION

6.    Defendant's status as a limited liability company renders it an "unincorporated association" pursuant to the Class Action Fairness Act ("CAFA"), and under CAFA, an unincorporated association is a citizen of the state where it has its principal place of business and the state under whose laws it is organized.  *See* 28 U.S.C. § 1332(d)(10).

7.    Subject matter jurisdiction in this civil action is authorized pursuant to 28 U.S.C. § 1332(d), as minimal diversity exists, there are more than 100 class members, and the amount in controversy is in excess of $5 million.

## OPERATIVE FACTS

8.    The COVID-19 pandemic has understandably led to a surge in demand for hand sanitizer.  Per FDA and CDC guidelines, an effective hand sanitizer has at least 60% ethyl alcohol.  Consistent with that guidance, and to ensure that consumers think they are purchasing a safe and effective hand sanitizer, Defendant includes a prominent statement on all 4E Brands Hand Sanitizer labels that the "Active Ingredient[]" is "Ethyl Alcohol 70%."  Other ingredients are listed under "Inactive Ingredients."  Nowhere does 4E Brands disclose that its hand sanitizers contains methanol.

9.    Following are images of the 4E Brands Hand Sanitizer Plaintiff purchased:

 

10.     The labels of all 4E Brands Hand Sanitizer are materially the same.

11.     Any reasonable consumer reading 4E Brands Hand Sanitizer labels would understand and expect that the hand sanitizer contained only ethyl alcohol as an active ingredient; no reasonable consumer would expect that 4E Brands Hand Sanitizers contains toxic methanol.  Unfortunately, such a  consumer would be wrong.

12.     On July 13, 2020, the FDA announced that 4E Brands Hand Sanitizer were being recalled owing to the presence of methanol.  That recall ultimately included all lots of Blumen and Assured hand sanitizers.  By agreeing to a total recall of 4E Brands Hand Sanitizers, Defendant admitted that they contain methanol.

13.     No reasonable consumer would purchase 4E Brands Hand Sanitizer knowing it contains methanol.  Even if some 4E Brands Hand Sanitizers did not contain methanol, consumers are still injured by 4E Brand's failure to ensure that all of its hand sanitizer are methanol free.  No reasonable consumer would risk methanol poisoning by purchasing a product

that might be so contaminated, and 4E brands would not have been able to sell its hand sanitizer at the prices it charged if consumers knew that 4E Brands Hand Sanitizer might contain methanol.

14.     Defendant owed a duty to consumers to inform them that 4E Brands Hand Sanitizer are or might contain methanol, and it violated that duty by not so informing consumers.

15.     Because they contain methanol, 4E Brands Hand Sanitizer are not fit to sell or for the purpose for which they are intended and for which consumers purchase them.  They are accordingly worthless.  Because it deceptively labels 4E Brands Hand Sanitizer as containing ethyl alcohol when they contain methanol, Defendant was able to charge more for its hand sanitizers than it would have otherwise been able to charge.

16.     Indeed, because FDA regulations forbid the sale of hand sanitizers that contain methanol, 4E Brands Hand Sanitizers are adulterated products within the meaning of section 501 of the Federal Food, Drug, and Cosmetic Act, whose sale is illegal.  They are also misbranded under sections 502 of the Act.

## **RULE 9(B) ALLEGATIONS**

17.     To the extent necessary, as detailed in the paragraphs above and below, Plaintiff has satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity:

- WHO:  4E Brands, acting through its corporate personnel, makes material misrepresentations and omissions of fact in the marketing, advertising, promotion, and sale of 4E Brands Hand Sanitizer.

- WHAT:  4E Brands makes material misrepresentations and omissions by marketing, advertising, promoting, and selling its hand sanitizer as having ethyl

alcohol as the active ingredient.  That representation is deceptive and misleading because 4E Brands Hand Sanitizers actually contain methanol, a toxic and dangerous form of alcohol.  4E Brands failed to inform consumers that 4E Brands Hand Sanitizers contain methanol.  Reasonable consumers expect that hand sanitizer does not contain dangerous and toxic forms of alcohol, and 4E Brands knows that.  Defendant fails to inform consumers that 4E Brands Hand Sanitizers contains methanol because 4E Brands intends for them to believe that its hand sanitizer only contains ethyl alcohol as the active ingredient and not methanol.  Indeed, 4E Brands knows that its alcohol representations are false because it knew that they actually contain methanol.

- WHERE:  On 4E Brands Hand Sanitizers labels.

- WHEN:  4E Brands made the material misrepresentations and omissions every time its hand sanitizer was sold.

- WHY:  Knowing that consumers will not purchase hand sanitizer that contains methanol, 4E Brands intentionally failed to inform consumers that 4E Brands Hand Sanitizers contains methanol.  Instead, it deceptively stated that the only active ingredient is ethyl alcohol.

- HOW:  Defendant makes material misrepresentations and fails to disclose material facts concerning its 4E Brands Hand Sanitizers by failing to inform consumers that they contain methanol.

## CLASS ACTION ALLEGATIONS

18.     Plaintiff brings this action individually and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of all consumers who purchased 4E Brands Hand Sanitizers from August 18, 2014 to the present (the "Nationwide Class").

19.     Plaintiff further brings this action individually and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a sub-class of all New Jersey consumers who purchased 4E Brands Hand Sanitizers from August 18, 2014 to the present (the "Sub-Class", collectively, the "Classes").

20.     Plaintiff further brings this action individually and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a sub-class of all consumers who purchased 4E Brands Hand Sanitizers from August 18, 2014 to the present and who reside in a states with materially similar consumer protection laws (the "Multi-State Class", collectively, the "Classes").

21.     Excluded from the Classes are Defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which Defendant has or had a controlling interest, or which Defendant otherwise control or controlled; and any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendant.

22.     This action is brought as a class action for the following reasons:

a.     The Classes consist of thousands of persons and is therefore so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

b.     There are questions of law or fact common to the Classes that predominate over any questions affecting only individual members, including:

          i.        whether Defendant breached its express and/or implied warranties with consumers by selling hand sanitizer with an active ingredient other than ethyl alcohol, namely methanol;

          ii.        whether Defendant violated state consumer protection laws;

          iii.        whether Plaintiff and the Classes have sustained damages and, if so, the proper measure thereof; and

          iv.        whether Defendant should be enjoined from continuing to sell hand sanitizers absent sufficient controls and procedures to ensure that they do not contain methanol;

          c.        The claims asserted by Plaintiff are typical of the claims of the members of the Class;

          d.        Plaintiff will fairly and adequately protect the interests of the Classes, and Plaintiff has retained attorneys experienced in class and complex litigation, including class litigation involving consumer protection and deceptive labelling;

          e.        Prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant;

          f.        Defendant has acted on grounds that apply generally to the Classes, namely representing that its variable rates are based on market conditions when its rates are in fact always substantially higher, so that final injunctive relief prohibiting Defendant from continuing its deceptive practices is appropriate with respect to the Classes as a whole;

          g.        A class action is superior to other available methods for the fair and efficient adjudication of the controversy, for at least the following reasons:

i.       Absent a class action, Class members as a practical matter will be unable to obtain redress, Defendant's violations of its legal obligations will continue without remedy, additional consumers and purchasers will be harmed, and Defendant will continue to retain its ill-gotten gains;

ii.      It would be a substantial hardship for most individual members of the Classes if they were forced to prosecute individual actions;

iii.     When the liability of Defendant has been adjudicated, the Court will be able to determine the claims of all members of the Classes;

iv.      A class action will permit an orderly and expeditious administration of Classes' claims, foster economies of time, effort, and expense, and ensure uniformity of decisions;

v.       The lawsuit presents no difficulties that would impede its management by the Court as a class action; and

vi.      Defendant has acted on grounds generally applicable to Class and Sub-Class members, making class-wide monetary and injunctive relief appropriate.

**COUNT I**
**(Violation of N.J.S.A. 56: 8-1 *et seq*.**
**on Behalf of the New Jersey Subclass)**

23.      On behalf of the New Jersey Subclass, Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

24.      The Consumer Fraud Act prohibits, *inter alia*:

The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale or advertisement of any merchandise . . .

N.J.S.A. § 56:8-2.

25.    Defendant's misrepresentations and false, deceptive, and misleading statements and omissions with respect to the inclusion of methanol in 4E Brand Hand Sanitizers, as described above, constitute affirmative misrepresentations and omissions in connection with the marketing, advertising, promotion, and sale of electricity in violation of the Consumer Fraud Act.

26.    Defendant's false, deceptive, and misleading statements and omissions would have been material to any potential consumer's decision to purchase 4E Brand Hand Sanitizers.

27.    Defendant failed to inform customers that 4E Brand Hand Sanitizers contain methanol.  That information would have been material to any consumer deciding whether to purchase 4E Brand Hand Sanitizers.

28.    Defendant made these false, deceptive, and misleading statements and omissions with the intent that consumers rely upon such statements.

29.    Plaintiff and the other members of the Class suffered ascertainable loss as a direct and proximate result of Defendant's actions in violation of the Consumer Fraud Act.

30.    As a consequence of Defendant's wrongful actions, Plaintiff and the other members of the Class suffered an ascertainable monetary loss based on the price they paid for 4E Brand Hand Sanitizers, and/or the difference in the price they paid versus the price they would have been charged had Defendant disclosed that 4E Brand Hand Sanitizers contain or may contain methanol.

31.    Plaintiff and other members of the Class suffered an ascertainable loss caused by Defendant's misrepresentations and omissions because they would not have purchased 4E Brand Hand Sanitizers if the true facts concerning methanol had been known.

32.     By reason of the foregoing, Defendant is liable to Plaintiff and the other members of the Class for trebled compensatory damages; punitive damages; attorneys' fees, and the costs of this suit.  N.J.S.A. §§ 56:8-2.11, 8-2.12, 8-19.

33.     Defendant knows full well that selling hand sanitizer with methanol is unconscionable, and the misrepresentations it makes with regard to 4E Brand Hand Sanitizers were made for the sole purpose of inducing consumers to purchase Blumen hand sanitizers irrespective of any health consequences.  Defendant's conduct was intentional, wanton, willful, malicious, and in blatant disregard of, or grossly negligent and reckless with respect to, the life, health, safety, and well-being of Plaintiff and the other members of the Class.  Defendant is therefore additionally liable for punitive damages, in an amount to be determined at trial.

**COUNT II**
**(Violation of Materially Identical State Consumer Protection Statutes,**
**on Behalf of the Multi-State Class)**

34.     Plaintiff incorporates by reference and reallege herein all paragraphs alleged above.

35.     4E Brands is engaged in "trade" and "commerce" as it distributes Blumen hand sanitizers via the internet and retail stores for sale to consumers within this and each of the states listed below.

36.     4E Brands' representations and omissions regarding the inclusion of methanol in Blumen hand sanitizers were material to a reasonable consumer and likely to affect consumer decisions and conduct.

37.     4E Brands has used and employed unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce.

11

38.     4E Brands' acts and practices are immoral, unethical, oppressive and unscrupulous.

39.     4E Brands' conduct is substantially injurious to consumers.  Such conduct has, and continues to cause, substantial injury to consumers because consumers would not have purchased Defendant's hand sanitizers knowing they contained methanol.  Consumers have thus overpaid for 4E Brand Hand Sanitizers and such injury is not outweighed by any countervailing benefits to consumers or competition.

40.     No benefit to consumers or competition results from 4E Brands' conduct.  Since reasonable consumers are deceived by 4E Brands' representations and omissions regarding methanol and they were injured as a result, consumers could not have reasonably avoided such injury.

41.     The foregoing unfair and deceptive practices directly, foreseeably and proximately caused Plaintiff and the Multi-State Class to suffer an ascertainable loss when they paid a premium for 4E Brands Hand Sanitizers.

42.     The practices discussed above all constitute unfair competition or unfair, unconscionable, deceptive, or unlawful acts or business practices in violation of at least the following state consumer protection statutes:[1]

(a) **California Consumer Legal Remedies Act,** Cal. Civ. Code § 1750, *et seq*.,

(b) **California Unfair Competition Law,** Cal. Bus. & Prof. Code § 17200, *et seq*.;

(c) **Florida Deceptive and Unfair Trade Practices Act,** Fla. Stat. § 501.201, *et seq.*;

---

[1] There is no material conflict between these state statutes because these state statutes (1) do not require reliance by unnamed class members; (2) do not require scienter; and (3) allow class actions.

(d) **Illinois Consumer Fraud and Deceptive Business Practices Act**, 815 Ill. Comp. Stat. § 505/1, *et seq.*;

(e) **Massachusetts Regulation of Business Practices for Consumers' Protection Act**, Mass. Gen. Laws Ann. ch. 93A, § 1 *et seq.*;

(f) **Michigan Consumer Protection Act,** Mich. Comp. Laws § 445.901 *et seq.*;

(g) **New Jersey Consumer Fraud Act**, N.J. Stat. Ann. § 56:8-1, *et seq.*;

(h) **North Carolina Unfair and Deceptive Trade Practices Act,** N.C. Gen. Stat. § 75-1.1(a).

(i) **Ohio's Consumers Sales Practice Act,** Ohio Revised Code § 1345, *et seq*.

(j) **Washington Consumer Protection Act**, Wash. Rev. Code § 19.86.010, *et seq.*;

43.    The foregoing unfair and deceptive practices directly, foreseeably and proximately caused Plaintiff and the Multi-State Class to suffer an ascertainable loss when they paid a premium for 4E Brand Hand Sanitizers.

44.    Plaintiff and the Multi-State Class are entitled to recover damages and other appropriate relief, as alleged below.

**COUNT III**
**(Breach of Express Warranty, on Behalf of the Nationwide Class)**

45.    Plaintiff incorporates by reference and realleges herein all paragraphs alleged above.

46.    Defendant's representation that the active ingredient in 4E Brands Hand Sanitizers is ethyl alcohol constitutes an affirmation of fact.  Defendant's representation that 4E Brands Hand Sanitizers are in fact hand sanitizers are also affirmations of fact.

47.    However, 4E Brands Hand Sanitizers are not in fact hand sanitizers because they

13

are misbranded and adulterated.

48.    The affirmative statement that the active ingredient in 4E Brands Hand Sanitizers is only ethyl alcohol is false because they also contain methanol.  The inclusion of methanol is material because its presence renders precludes the use of 4E Brands Hand Sanitizers as hand sanitizers and because its presence is dangerous.

49.    Defendant's representations regarding the alcohol in 4E Brands Hand Sanitizers relates to the goods and became part of the basis of the bargain between Defendant and purchasers of 4E Brand Hand Sanitizers.

50.    Plaintiff and members of the Classes purchased 4E Brands Hand Sanitizers, believing that they conformed to the express warranties.

51.    As set forth in the paragraphs above, Defendant's statements concerning 4E Brands Hand Sanitizers are false.

52.    All conditions precedent to Defendant's liability under the above-referenced contract have been performed by Plaintiff and the other members of the Classes.

53.    As a result of Defendant's breaches of express warranty, Plaintiff and the other members of the Classes were damaged in the amount of the purchase price they paid for 4E Brands Hand Sanitizers, or in the amount they paid based upon the misrepresentations, in amounts to be proven at trial.

54.    Defendant was on notice that 4E Brands Hand Sanitizers contained methanol, that its presence breached Defendant's express warranty, and that consumers like Plaintiff were injured as a result.

55.    As a proximate result of the breach of warranties by Defendant, Plaintiff and the other members of the Classes did not receive goods as warranted.  Among other things, Plaintiff

and members of the Classes did not receive the benefit of the bargain and have suffered other

injuries as detailed above.  Moreover, had Plaintiff and the members of the Classes known the true

facts, they would not have purchased 4E Brands Hand Sanitizers.

56.     Wherefore Plaintiff, on behalf of the Classes, pray for relief as set forth herein.


**COUNT IV**
**(Breach of Implied Warranty of Merchantability And Fitness For a Particular Purpose,**
**on Behalf of the Nationwide Class)**

57.     Plaintiff incorporates by reference and realleges herein all paragraphs alleged

above.

58.     At the time 4E Brands Hand Sanitizers were sold, Defendant knew that the purpose

for which consumers purchased its hand sanitizers was to safely and effectively sanitize their

hands.

59.     4E Brands knew that consumers are counting on the accuracy of the labels on 4E

Brands Hand Sanitizers to convey what type of alcohol they contain, and that 4E Brands was

supplying consumers with hand sanitizer that was suitable for hand sanitizing.

60.     Plaintiff and members of the Nationwide Class relied on 4E Brands to not include

methanol in 4E Brands Hand Sanitizers; had they known, or even suspected, that Defendant did in

fact include methanol in 4E Brands Hand Sanitizers, they would not have purchased 4E Brands

Hand Sanitizers.

61.     Plaintiff and members of the Nationwide Class were injured because 4E Brands

Hand Sanitizers are not fit for the particular purpose for which they were purchased 4E Brands

Hand Sanitizers, namely safely sanitizing hands.

62.     As a proximate result of the breach of implied warranties by Defendant, Plaintiff

and the other members of the Classes did not receive merchantable goods that were fit for their

intended purpose.  Among other things, Plaintiff and members of the Classes did not receive the benefit of the bargain and have suffered other injuries as detailed above.  Moreover, had Plaintiff and the members of the Classes known the true facts, they would not have purchased 4E Brands Hand Sanitizers.

## Count V
## (Unjust Enrichment, On Behalf of the Nationwide Class)

63.    Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

64.    This cause of action is pled in the alternative to Plaintiff's other claims.

65.    Plaintiff and Nationwide Class members conferred a tangible economic benefit upon Defendant by purchasing 4E Brands Hand Sanitizer.  Plaintiff and the  Nationwide Class members would not have purchased 4E Brands Hand Sanitizer had they known that they contain methanol.

66.    By engaging in the conduct described above, Defendant has unjustly enriched itself and received a benefit beyond what was contemplated by the parties, at the expense of Plaintiff and the  Nationwide Class.

67.    It would be unjust and inequitable for Defendant to retain the excessive payments Plaintiff and the Sub-Class made for 4E Brands Hand Sanitizer.

68.    By reason of the foregoing, Defendant is liable to Plaintiff and the other Sub-Class members for the damages that they have suffered as a result of Defendant's actions, the amount of which shall be determined at trial.

WHEREFORE, Plaintiff respectfully request that the Court should enter judgment against Defendant as follows:

1.    Certifying this action as a class action, with classes as defined above;

2.      On Plaintiff's First Cause of Action, awarding against Defendant damages that Plaintiff Harty and other Sub-Class members have suffered, trebled, and granting appropriate injunctive relief;

3.      On Plaintiff's Second Cause of Action, awarding statutory and actual against Defendant damages that Plaintiff and other Class members have suffered as a result of Defendant's actions;

4.      On Plaintiff's Third Cause of Action, awarding against Defendant damages that Plaintiff and other Sub-Class members have suffered as a result of Defendant's actions;

5.      On Plaintiff's Fourth Cause of Action, awarding against Defendant damages that Plaintiff and other Sub-Class members have suffered as a result of Defendant's actions;

6.      On Plaintiff's Fifth Cause of Action, awarding against Defendant damages that Plaintiff and other Sub-Class members have suffered as a result of Defendant's actions;

7.      Awarding Plaintiff and the Classes punitive damages;

8.      Awarding Plaintiff and the Classes interest, costs and attorneys' fees; and

9.      Awarding Plaintiff and the Classes such other and further relief as this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure Rule 38, Plaintiff hereby demands a trial by jury.

Dated:      August 18, 2020
                Roseland, New Jersey

**MAZIE, SLATER, KATZ & FREEMAN, LLC**

By:        _____
             Matthew R. Mendelsohn
             103 Eisenhower Parkway
             Roseland, NJ 07922
             Tel: (973) 228-9898
             Fax: (973) 328-0303
             mmendelsohn@mskf.net

             Greg Blankinship (*Pro Hac Vice* forthcoming)
             **FINKELSTEIN, BLANKINSHIP,**
             **FREI-PEARSON & GARBER, LLP**
             445 Hamilton Avenue, Suite 605
             White Plains, New York 10601
             Tel: (914) 298-3281
             Fax: (914) 824-1561
             gblankinship@fbfglaw.com

             *Attorneys for Plaintiff and Putative Class*